Commonwealth *v.* McLaughlin, Appellant.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bryan Campbell,* and *Mansmann, Beggy & Campbell,* for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976: Appeal is taken from an Order of Judge SCHWARTZ

denying relief, following hearing, on appellant's request raised pursuant to the Post Conviction Hearing Act.[1] In his petition which he filed on the standard form, appellant argues coerced confession and refusal on the part of the police to supply counsel as desired during an over-long interrogation. Following the appearance of private counsel, the petition was amended to include allegations of ineffective counsel at trial. Hearing on the petition was held on May 29, 1975, with appellant and trial counsel testifying. Because of our disposition herein, we shall address only the ineffective counsel claim.[2]

Because no post-trial motions were filed by trial counsel, because the present issue could not have been more properly raised on direct appeal, and because the record contains transcripts of trial and post-conviction hearing, we find that the arguments are properly before us and will address the substance of appellant's claim. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). While trial counsel testified that he was unsure whether he first interviewed appellant on the Saturday prior to trial, or immediately prior thereto, he did state that he did not inquire as to whether the confession of arson was involuntary and coerced, and he did not ask appellant whether he had been advised of his constitutional rights prior to police questioning. Instead, he testified that because the record in the case indicated that there was a preliminary hearing whereat appellant

---

1. Act of 1966, Jan. 25, P.L. (1965) 1580, 19 P.S. §1180-1 *et seq.*

2. Appellant briefs only the ineffective counsel claim, and for purposes of the PCHA hearing had engrafted upon his original reasons the claim of ineffective counsel, using the former as examples of the ineffectiveness. The Commonwealth filed no brief, but informed our Court that "our examination of the law and the facts of the case indicates that appellant's position is sound and that the Commonwealth is unable to argue against it." /s/Louis R. Paulick, Assistant District Attorney, under date of November 3, 1975.

appeared to have been represented by counsel,[3] and because of the signed confession, he decided not to file a motion to suppress the confession. If this had been a strategic decision on the part of trial counsel, we believe that it was not founded upon a full and necessary inquiry into the facts, especially in light of appellant's testimony at the hearing that he signed the "confession" because he wanted to be free of the repeated, lengthy, and uncounselled questioning by the local police, that he was not sure of what he had signed, and that he did not go into these matters with counsel prior to trial. Appellant now further argues that it was ineffective representation when his attorney failed to cross-examine the local police chief as to his qualifications prior to his testifying as to the incendiary origin of the fire. At the PCHA hearing, counsel stated that he did not so cross-examine because appellant had, in the "confession", admitted guilt. It is a non-sequitur to equate a confession to a crime with a witness' qualifications of expertise. The further problem arises in that counsel did not object to the testimony itself, clearly hearsay, the police chief relating the opinion of the fire chief, who was not available for questioning. For these reasons we find ineffective counsel at trial.

Order is reversed, and the case is remanded for new trial.

JACOBS and PRICE, JJ., concur in the result.

---

3. There is an issue raised at hearing that the signature on the form referred to may have been that of the local fire chief and not that of an attorney.