371 A.2d 896

COMMONWEALTH of Pennsylvania

v.

Larry Richard MILLER, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided March 31, 1977.

---

George T. Guarnieri, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from an order of the lower court denying appellant's petition filed under the Post Conviction Hearing Act.[1]  We affirm.

On July 13, 1967, appellant entered a plea of guilty on Indictment No. 1076, which included charges of assault and battery,[2] aggravated assault and battery,[3] and assault and battery with intent to murder.[4]  The charges arose out of an incident at the Eastern State Penitentiary, where appellant was an inmate at the time.  Appellant also entered a plea of guilty on Indictment No. 1077, which charged assault and battery by a prisoner.[5]  This appeal, however, does not involve Indictment No. 1077. At the time the pleas were entered, appellant was represented by a member of the Public Defender's office,

1.  Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 P.S. § 1180–1 et seq. (1976–77).

2.  Act of June 24, 1939, P.L. 872, § 708, 18 P.S. § 4708 (1945).

3.  Act of June 24, 1939, P.L. 872, § 709, 18 P.S. § 4709 (1945).

4.  Act of June 24, 1939, P.L. 872, § 710, 18 P.S. § 4710 (1945).

5.  Act of June 24, 1939, P.L. 872, § 710.1 added July 29, 1953, P.L. 1421, No. 402, § 1, 18 P.S. § 4710.1 (1962).

Thomas Kellogg, Esquire. No transcript of the sentencing proceedings was made. On July 19, 1967, appellant was sentenced to a prison term of two and one-half to five years on Indictment No. 1076, and sentence was suspended on Indictment No. 1077. No direct appeal was taken.

On May 9, 1975, appellant filed a PCHA petition attacking the validity of his guilty plea and arguing that his right of appeal had been obstructed. Evidentiary hearings were held on September 17 and October 17, 1975. Judge DOTY denied appellant's petition on November 5, 1975, and filed an opinion in February 1976. This appeal followed the denial of appellant's petition.

■ Having plead guilty, appellant is now limited to an attack on the validity of the plea, the legality of the sentence, and the jurisdiction of the court. *Commonwealth v. Ward*, 442 Pa. 351, 275 A.2d 92 (1971). The only issue now raised is the validity of the plea.

Appellant argues that his guilty plea was not voluntary because it was primarily motivated by an unconstitutionally obtained confession, and that his decision to plead guilty was made on the advice of incompetent counsel.

■ Appellant prefaces his arguments by asserting that where there is no record of a guilty plea proceeding which took place prior to the case of *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1967), the Commonwealth has the burden of proving that the guilty plea was voluntarily and knowingly entered. Such is not the law of this Commonwealth. Our Supreme Court, after reviewing all of the cases and arguments appearing in appellant's brief, specifically held that in silent record cases involving the validity of guilty pleas entered *prior* to *Commonwealth ex rel. West v. Rundle*, supra, the burden of proving that the plea was invalid does *not* rest with the Commonwealth, but rather with the party attacking the plea. *Commonwealth v. Miller*, 454

Pa. 67, 309 A.2d 705 (1973). Appellant entered his guilty plea on July 13, 1967, while the decision in *Commonwealth ex rel. West v. Rundle*, supra, was handed down in January, 1968. Consequently, the lower court properly placed the burden on appellant in this case.

The lower court heard testimony from appellant concerning alleged coercive practices which resulted in his confession. The court, in its opinion, expressly stated that appellant's testimony was unworthy of belief. Clearly, the court was free to disbelieve appellant. *Commonwealth v. Cushnie*, 433 Pa. 131, 249 A.2d 290 (1969) Defense counsel also testified at the evidentiary hearing. Inasmuch as the plea had been entered more than eight years prior to the PCHA hearing, counsel was understandably unable to testify to specific facts surrounding appellant's plea. Nevertheless, counsel did recognize the notations he had made on the appellant's file maintained by the Public Defender's office, including the phrase "no threats or promises," following the notation that appellant had entered a plea. Counsel also testified that had he been aware of any threats or coercion, he would have moved to suppress the confession and would not have advised appellant to plead guilty. Judge DOTY also found as a fact that appellant had not mentioned to the trial judge, trial counsel, or the magistrate, the allegations of coercion or promises. Having not been told of any such coercive practices, defense counsel could not be deemed ineffective for failing to move to suppress the confession on that basis.

The lower court chose to disbelieve appellant's testimony regarding his confession, and found no indication that defense counsel incompetently advised appellant to plead guilty. Since two of the elements required to attack a guilty plea in this fashion, as set forth in *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970), were found not to exist, the lower court found it unnecessary to determine whether appellant's plea was primarily motivat-

ed by the confession. We find no abuse of discretion in the lower court's determination that appellant had failed to carry the burden of proving the invalidity of his guilty plea.

It is unnecessary to address the matter of whether or not appellant was deprived of his right to appeal, since all matters cognizable on direct appeal have been considered in this collateral proceeding and therefore no prejudice could have resulted from the failure to appeal. *Commonwealth v. Skurkis,* 465 Pa. 257, 348 A.2d 894 (1975).

Order affirmed.