380 A.2d 1278

COMMONWEALTH of Pennsylvania

v.

**Rozell WALTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided Dec. 2, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On May 8, 1975, at approximately 6:50 P.M., Terrance O'Neil, a Philadelphia police officer, observed Rozell Walton, appellant, in possession of a sword cane.[1] Officer O'Neil, seized the cane and arrested Walton for possession of an offensive weapon.[2] Appellant was found guilty in a non-jury trial. After denial of post-trial motions, he was sentenced to one year probation. This appeal followed.

■ Appellant contends, first, that a sword cane is not an offensive weapon within the meaning of Section 908(c), Crimes Code, which provides:

"As used in this section 'offensive weapon' means any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, pushbut-

---

1. A sword cane looks like an ordinary cane but is in fact a sword with a sheath made to look like the lower part of a cane.

2. Act of December 6, 1972, P.L. 1482, § 1, 18 Pa.C.S. 908 (hereinafter referred to as Crimes Code), which provides: "A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon."

ton, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

We agree with appellant that the words "knife, razor, or cutting instrument" do not include a sword cane, since we held in *Commonwealth v. Gatto*, 236 Pa.Super. 92, 344 A.2d 566 (1975) that this phrase is modified by the words following it, "the blade of which is exposed in an automatic way." The blade of a sword cane is exposed by pushing a metal button on its side which releases a catch, allowing one to remove the sword from the lower part of the cane. The question, therefore, is whether a sword cane can be considered an "implement for the infliction of serious bodily injury which serves no common lawful purpose." We find that it can. Its capacity to inflict serious bodily injury is beyond dispute, and even imagination run rampant fails to suggest any common lawful purpose for it.[3]

Appellant also contends that the phrase "no common lawful purpose" is unconstitutionally vague. It should be observed at the outset that such a contention must be decided in the context of the conduct of the party making it. As the court said in *Commonwealth v. Heinbaugh*, 467 Pa. 1, 4–5, 354 A.2d 244, 245–46 (1976):

"Absent the assertion of an infringement of First Amendment freedoms, the specificity of a statute must be measured against the conduct in which the party challenging the statute has engaged.

.    .    .    .    .

A criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. Statutes which are so vague that they fail to provide such notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

**3.** Appellant's brief is highly critical of our decision in *Gatto*, supra, in which we held a thirty-inch knife to fall within the prohibition of Section 908. Counsel imaginatively hypothesizes several legitimate uses, mostly culinary, for that knife, but gives us not a single example of a lawful use for a sword cane.

The *Heinbaugh* decision cited *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926) for the following principle:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary motions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

■ The question here is not whether the wording of the statute leaves gray areas, but whether appellant's conduct falls within such an area. We hold that it does not. The words "common lawful purpose," standing alone, might be considered vague, but when the entire phrase "or other implement for the infliction of serious bodily injury which serves no common lawful purpose" is considered, the meaning of the statute is clear: possession of an instrument the sole purpose of which is the infliction of bodily injury is forbidden. The conclusion that a sword cane is such an instrument requires no guesswork, and appellant's claim to the effect that he was unfairly surprised by the application of the statute is unfounded.

■ The third issue appellant raises concerns Section 908(b), Crimes Code, which states:

"It is a *defense* under this section *for the defendant to prove by a preponderance of evidence that he possessed* or dealt with *the weapon solely as a curio* or in a dramatic performance, or that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully."

It was this provision that appellant relied on at trial; he testified that he had purchased the sword cane as an antique and was carrying it home when he was arrested. The trial

court rejected his story. Appellant now contends that the court erred in placing the burden of proving possession as a curio upon him, because Section 908(b) is unconstitutional insofar as it requires him to prove such possession.

The Commonwealth, of course, has the burden of proving beyond a reasonable doubt every fact necessary to constitute the crime charged. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The question, therefore, is whether in order to establish the offense defined in Section 908, the Commonwealth had the burden of proving beyond a reasonable doubt that appellant did not possess the sword cane as a curio.

The legislature gives us a succinct definition of the crime that makes no reference to the exception (note 2, supra). Section 908 simply commands that an " 'implement for the infliction of serious bodily injury which serves no common lawful purpose' shall not be allowed to exist in our society." *Commonwealth v. Ponds*, 236 Pa.Super. 107, 111, 345 A.2d 253, 255 (1975). The primary concern of the statute is the nature of the weapon, not the intention of its possessor.[4] The statute requires the Commonwealth to show no broader intent than the intent to possess the sword cane, which intent appellant does not dispute here. A defendant who invokes the curio exception seeks to avoid conviction by adding an ingredient to the otherwise criminal conduct, instead of "subtracting" one by attempting to persuade the court that an essential fact is missing from the Commonwealth's case. Hence, the exception does not negate a material element of the offense set forth in Section 908(a),

4. Both dissenting opinions assert that by allowing the curio defense the legislature impliedly makes criminal intent an element of the offense. The fallacy in this argument is that a person might possess one of the described weapons without intending to use it for criminal *or* decorative or dramatic purposes. One might purchase a sword cane with the notion of using it to carve a leg of lamb; one might also impulsively purchase it for no particular reason. In either case the defense would be unavailable. The curio defense does not require the disproving of criminal intent but rather the establishing of a specific intent to use the item for a narrow purpose deemed acceptable by the legislature.

and the defendant may therefore be required to prove it. Cf. *Commonwealth v. Stoffan*, 228 Pa.Super. 127, 323 A.2d 318 (1974).

Appellant points out that the general definitions section of the Crimes Code, Section 103, defines the term "element of an offense" as including, "Such conduct or such attendant circumstances or such a result of conduct as . . . negatives an excuse or justification for such conduct." Since, appellant asserts, the curio defense is an excuse or justification for possession of an offensive weapon, and Section 103 defines the negation of an excuse or justification as an element of the offense, the Commonwealth has the burden of negating the curio defense beyond a reasonable doubt. We disagree. Even if we accepted the premises of appellant's syllogism as true for the sake of argument, appellant at best only demonstrates that Sections 103 and 908(b) are contradictory. However, this apparent contradiction is readily resolved in the Commonwealth's favor by the Statutory Construction Act, 1 Pa.C.S. § 1933 (Supp.1977),[5] which provides in pertinent part:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision . . .."

Since Section 908(b) refers explicitly to the offense of possession of an offensive weapon and is as specific concerning the burden of proof as it could be, it controls in that regard over appellant's interpretation of Section 103.

Appellant's final argument, that the officer's observation of him in possession of the cane was insufficient to provide probable cause for the arrest, is without merit and need not be discussed.

Judgment of sentence affirmed.

5. Act of November 25, 1970, P.L. 707, No. 230, added December 6, 1972, P.L. 1339, No. 290, § 3, immed. effective.

HOFFMAN, J., files a dissenting opinion.

SPAETH, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Appellant contends that 18 Pa. C.S. § 908(b) imposes an unconstitutional burden by requiring him to disprove criminal intent by a preponderance of the evidence. I agree and would, therefore, vacate the judgment of sentence and order the appellant discharged.

On May 8, 1975, a Philadelphia police officer observed appellant on foot in central Philadelphia in possession of a sword cane and arrested appellant for possession of a prohibited offensive weapon. 18 Pa. C.S. § 908.[1] At a trial without a jury in the Philadelphia Court of Common Pleas on August 22, 1975,[2] appellant testified that at the time of the arrest, he was en route to his mother's apartment from a center city store where he had purchased the sword cane as an antique. The lower court found appellant guilty of violating § 908 and imposed a sentence of one year probation. Appellant filed oral post-verdict motions on the record at the conclusion of the trial pursuant to Rule 1123(b), Pa.R.Crim.P.; 19 P.S. Appendix; *Commonwealth v. Erhart,* 248 Pa.Super. 481, 375 A.2d 342 (1977).

Appellant asserts that the lower court improperly concluded that mere possession of an "offensive weapon" consti-

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa. C.S. § 908.

"908. (a) A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon. . . .

"(c) As used in this section 'offensive weapon' means any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

2. The Common Pleas action was a trial *de novo* from an adjudication of guilt by the Philadelphia Municipal Court following a hearing on June 9, 1975.

tutes a violation of § 908. More specifically, he contends that because possession with unlawful intent is an element of § 908, the Commonwealth must prove such intent beyond a reasonable doubt. Appellant further maintains that the fact that he introduced evidence of innocent possession does not shift the burden of proof. The Majority rejects this contention and states: "The primary concern of the statute is the nature of the weapon, not the intention of its possessor. The statute requires the Commonwealth to show no broader intent than the intent to possess the sword cane, which intent appellant does not dispute here." I believe this conclusion is in error as a matter of statutory interpretation and constitutional law.

In *Commonwealth v. Ponds,* 236 Pa.Super. 107, 345 A.2d 253 (1975), we construed the requirements of § 908 to decide whether possession of an inoperable sawed-off shotgun violated the statute. The Majority found a violation, asserting that:

"The legislature in Section 908 was not interested in the operability of a sawed-off shotgun, but merely in its possession. The fact that a sawed-off shotgun is at a given time inoperable does not discount the danger which the legislature intended to prevent. The mere possession of an item identifiable as a sawed-off shotgun, even though inoperable, is still an ominous presence, and has no place nor possible use in the community and should be prohibited." *Comm. v. Ponds, supra,* 236 Pa.Super. at 113, 345 A.2d 253 at 256. In dissent, I noted that the class of prohibited weapons was explicitly defined in § 908(c) as "other implement[s] for the infliction of serious bodily injury which serve no common lawful purpose." Thus, the relevant harm proscribed by § 908 is the *use* of such weapons to cause serious bodily injury, not merely the possession of such weapons. *Commonwealth v. Ponds, supra,* 236 Pa.Super. at 115, 345 A.2d at 257. (Dissenting Opinion by Hoffman, J.). Therefore, I concluded that in order to violate § 908 "the offender must possess the weapon with an intent to use it unlawfully and . . . the weapon [must be] one that can cause serious

bodily injury. Mere possession of an inoperable sawed-off shotgun should not be sufficient to sustain a conviction." *Commonwealth v. Ponds, supra,* 236 Pa.Super. at 116, 345 A.2d at 258. (Dissenting Opinion by Hoffman, J.).

The Majority's construction of § 908 errs for another reason. To assert that one can be convicted of a § 908 violation for mere possession of an offensive weapon—here, a sword cane—ignores the statutory defense created by § 908(b).[3] Section 908(b) implies the existence of a *mens rea* requirement in the completed offense of § 908(a) because it allows a defendant to exculpate himself by negativing the intent to use the weapon unlawfully. In *Commonwealth v. Adams,* 245 Pa.Super. 431, 369 A.2d 479 (1976), Judge Spaeth, in a Concurring Opinion which I joined, noted the probable existence of a *mens rea* requirement:

"If [the appellant] defends under § 908(b) by saying that he possessed it 'solely as a curio,' is he, or is he not, saying that he possessed it without *mens rea*? If he is saying that he possessed it without *mens rea,* a rather curious situation is created: A defendant guilty under § 908(a), which under *Ponds* . . . does not require proof of *mens rea,* may exculpate himself by proving under § 908(b) that he did not have *mens rea,* in other words, that he did not have what the Commonwealth was not required to prove he had." *Commonwealth v. Adams, supra,* 245 Pa.Super. at 438, 369 A.2d at 483 (Concurring Opinion by Spaeth, J.).

It, therefore, seems illogical to deny the existence of an intent requirement in § 908(a) when the basis for the statutory exception in § 908(b) is proof that one lacked the intent to use the weapon unlawfully.

An analysis of 18 Pa. C.S. § 103[4] also leads me to the conclusion that proof of possession alone is insufficient to

3. "(b) It is a defense under this section for the defendant to prove by a preponderance of evidence that he possessed or dealt with the weapon solely as a curio or in a dramatic performance, or that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully." The Crimes Code, supra; 18 Pa. C.S. § 908(b).

4. The Crimes Code, supra; 18 Pa. C.S. § 103.

sustain a conviction for violating § 908. Section 103 defines an "element of an offense" as: "Such conduct or such attendant circumstances or such result of conduct as: . . (3) negatives an excuse or justification for such conduct . . . ." Because the § 908(b) defense provides such an "excuse or justification: for carrying an allegedly offensive weapon, then proof of conduct or circumstances negativing that "excuse or justification", thereby showing an unlawful use or purpose, is an element of the offense. *Commonwealth v. Williams*, 237 Pa.Super. 91, 98–99, 346 A.2d 308, 312 (1975) (Concurring and Dissenting Opinion by Hoffman, J., in which Spaeth, J. joined).

The conclusion that *mens rea* is an element of § 908(a) necessitates an examination of who bears the burden of proof as to this element. In *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959), our Supreme Court stated that:

"It is because of this never-shifting burden upon the Commonwealth to prove every essential element of the charge it makes against the defendant that it cannot logically be said that the Commonwealth has the burden to prove the presence of such element while the defendant, at the same time, has the burden of proving its absence."

*Commonwealth v. Bonomo, supra,* 396 Pa. at 230, 151 A.2d at 445–46. In *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974), the Pennsylvania Supreme Court relied on state evidentiary law for its holding that the Commonwealth has an unshifting burden to prove all elements of a crime beyond a reasonable doubt. The source of this burden is not limited to Pennsylvania evidentiary principles. The United States Supreme Court has held that the Due Process Clause mandates the same conclusion.[5] *Mullaney v. Wilbur,* 421

5. In fact, the Pennsylvania Supreme Court, in *Commonwealth v. Cropper,* 463 Pa. 529, 345 A.2d 645 (1975) noted that "[a]lthough our decision in *Rose* was arrived at as a matter of state evidentiary law, 457 Pa. at 386, 321 A.2d at 883, it would appear that the result may also have been required by the Fourteenth Amendment of the Constitution of the United States. *Mullaney v. Wilbur,* 421 U.S. 684, 95

U.S. 684, 704, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

Because the Commonwealth bears the burden of proving all elements of a crime beyond a reasonable doubt, I conclude, therefore, that the requirement of § 908(b) that appellant prove by a preponderance of the evidence that he possessed the sword cane as a curio or antique and, hence, without unlawful intent, misplaces the burden of proof. Further, in compelling appellant to disprove the requisite *mens rea* for a violation of § 908(a), § 908(b) violates due process.

Therefore, because appellant constitutionally cannot be compelled to negate an element of the offense and because the Commonwealth produced no evidence beyond mere possession of the sword cane, I would hold that the Commonwealth has failed to sustain its burden of proof.

I would vacate the judgment of sentence and order appellant discharged.

SPAETH, Judge, dissenting:

I join Judge HOFFMAN's dissenting opinion, but wish to add another reason why intent is a necessary element of the offense.

On its face § 908(a) seems to create a "no-fault" or "no-intent" offense. It implies that certain weapons—such as altered firearms (sawed-off shotguns, guns with silencers), switchblade knives, and grenades—are so inherently dangerous and *without lawful use* that no one will be allowed to possess them. This contrasts with § 907(b), which covers concealed "ordinary" weapons, but which requires, as an element of the offense, intent to use the weapon unlawfully.

Had the legislature meant to create a "no-intent" offense, however, it would not have created the exception provided

S.Ct. 1881, 44 L.Ed.2d 508 [1975]. . . ." *Commonwealth v. Cropper, supra,* 463 Pa. at 535, 345 A.2d at 648, n. 6.

in paragraph (b) of § 908: possession "as a curio or [for use] in a dramatic performance." In creating a "no-intent" offense, the legislature would have had in mind the dangerous nature of these special weapons, and their lack of justification, and feared that if they existed and circulated *at all,* they might fall into the wrong hands, or be activated by accident, and that with their great potential for harm, possession of them *at all* should be made culpable.

The provision of the curio and dramatic performance exception runs counter to such reasoning. A burglar could steal a sword cane "possessed . . . solely as a curio" and use it unlawfully; a grenade used in a dramatic performance could go off and harm many persons. It would seem that these sorts of possessions would also have been made subject to "no-intent" culpability, if indeed that was what the legislature had in mind. By providing the curio and dramatic performance exception, the legislature was noting that there are lawful uses for the worst of weapons— for example, a performance of the musical "West Side Story" using switchblade knives. It makes sense, then, to require proof of intent to use these weapons unlawfully before a person can be convicted of possessing them—just as is required under § 907 for "ordinary" weapons, which also have lawful uses.