417 A.2d 722

COMMONWEALTH of Pennsylvania

v.

Willie Lee HARPER, Appellant.

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Jan. 4, 1980.

William F. Scarpetti, Jr., Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

PER CURIAM:

Appellant, Willie Lee Harper, was convicted of receiving stolen goods[1] at a jury trial in Erie County. Boiler-plate post-trial motions were filed and dismissed by order of the court dated December 28, 1973. Appellant was sentenced to serve from one to four years imprisonment. In January, 1978, appellant filed a petition under the Post Conviction Hearing Act,[2] raising numerous allegations of trial error and ineffective assistance of trial counsel for failure to perfect his appellate rights, among other things. Although the lower court's order of March 9, 1978 set a hearing date on the PCHA petition, we have no indication from the record that the hearing actually took place nor are there any notes of testimony. The only disposition we have is the order of court dated April 27, 1978, granting appellant the right to appeal to our court nunc pro tunc. We have no further disposition of any of the issues raised in the PCHA petition, nor is there an opinion of the PCHA court. We also do not

1. Crimes Code, 18 Pa.C.S. § 3925 (1973).

2. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§ 1180-1 et seq. (Supp. 1979-80), repealed by § 2(a) Act of April 28, 1978, P.L. 202, No. 53, generally effective June 27, 1978, to take effect two years after effective date.

have an opinion of the lower court upon dismissal of the post-trial motions.

The proper procedure in such instances is for the judge at the PCHA level to make a determination on the ineffectiveness of counsel issue and then reach the underlying merits of the other issues raised, if necessary. See 19 P.S. §§ 1180–9, 1180–10; *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976). The aggrieved party then takes an appeal from that adjudication. When the PCHA court circumvents this process and merely grants an appeal nunc pro tunc, our court has quashed the appeal. *See Commonwealth v. Butler*, 261 Pa.Super. 486, 395 A.2d 1015 (1978); *Commonwealth v. Valezquez*, 244 Pa.Super. 327, 368 A.2d 745 (1976). Hence the present appeal is quashed without prejudice to any rights appellant may have under the PCHA, and the case is remanded to the post-verdict court for an adjudication of the issues raised in the PCHA petition.

Appeal quashed and case remanded.