421 A.2d 737

**COMMONWEALTH of Pennsylvania**

v.

**Percy T. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Sept. 26, 1980.

310

Adrian L. Meyer, Doylestown, for appellant.

Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Percy T. Johnson, takes this appeal from the lower court's denial of his Post Conviction Hearing Act (PCHA)[1] petition. Appellant argues, inter alia, that his trial counsel was ineffective for failing to properly and timely file post–trial motions subsequent to appellant's conviction of armed robbery on October 21, 1972. Appellant asks this court to allow him to file post–trial motions *nunc pro tunc.* Appellant's argument is meritorious; therefore, we reverse the decision of the lower court and order that appellant be allowed to file post–trial motions *nunc pro tunc* on his armed robbery conviction.

1. 19 P.S. § 1180–1 *et seq.* (Supp.1979).

At the outset, it must be noted that the procedural history in the instant case is far from clear. But after careful study of the record, we traced the following. On October 16, 1972, appellant was brought to trial in Bucks County on two separate indictments—one charging, principally, armed robbery,[2] the other charging appellant with murder[3] and related offenses. The jury returned with a guilty verdict on the armed robbery charge, but the jurors were unable to reach a verdict on the murder indictment. As was provided by Pa.R.Crim.P. 1120(e),[4] the court therefore accepted the jury's verdict on the armed robbery charge and granted a mistrial on the murder charge. Upon retrial, appellant was convicted on December 8, 1972 of murder. Subsequently, on December 13, 1972, motions in arrest of judgment and for a new trial were "clocked in" at the district attorney's office, and herein lies the dispute. Two sets of motions were sent to the district attorney's office—one for the armed robbery conviction and one for the murder conviction. However, for some unexplained reason, only the post–trial motions for the murder were filed and docketed with the Clerk of Quarter Sessions. In the latter motions, defense counsel challenged the selection and array of jurors in Bucks County, an issue that was initially raised prior to appellant's first trial (the armed robbery conviction). The lower court ruled on appellant's post–trial motions in *Commonwealth v. Johnson*, 24 Bucks Co.L.Rep. 326 (1973); however, it is apparent from the court's opinion that the motions pertaining to appellant's armed robbery convictions were not before the court, for the court said,

2. The Act of June 24, 1939, P.L. 872, § 705, 18 P.S. § 4705 (1945).

3. The Act of June 24, 1939, P.L. 872, § 701, 18 P.S. § 4701 (1945).

4. At the time of appellant's trial, Pa.R.Crim.P. 1120(e) provided: "If there are two or more indictments, the jury may report a verdict or verdicts with respect to those indictments upon which it has agreed, and the judge shall receive and record all such verdicts.... Where the indictments upon which the jury cannot agree are not included offenses of the indictment upon which it has agreed, the defendant or defendants may be retried on those indictments." The provisions of Rule 1120(e) are still in effect today.

"Defendant filed no post–trial motions at the conclusion of the first trial but at the conclusion of the second trial did file motions as in the nature of motions in arrest of judgment and for a new trial. Therefore, we perceive that defendant takes no issue with the verdict of guilty as entered and recorded as the result of the first trial but only with the verdict of guilty of murder in the first degree resulting from the second trial. Defendant's motions have been briefed and argued before the court *en banc* and we decide them herein." 24 Bucks Co.L.Rep. at 327.

The decision of the trial court was affirmed by the Supreme Court in *Commonwealth v. Johnson*, 460 Pa. 493, 333 A.2d 881 (1975). In its opinion, the Supreme Court mentioned appellant's armed robbery conviction only as one fact of the procedural history of appellant's murder conviction.[5] The Court gave no indication that the Court had before it post–trial motions for appellant's armed robbery conviction.

Subsequently, on August 23, 1977, appellant filed on his own behalf the herewithin PCHA petition. Counsel was appointed to represent appellant in this action and, on March 31, 1978, a hearing was held concerning the petition. Then, a few days later, on April 4, 1978, appellant's post–trial motions on his armed robbery conviction, the same legal papers which were "clocked in" at the district attorney's office on December 13, 1972, were marked "received" by the Bucks County Clerk of Courts office and docketed–nearly five and one–half years after these motions were sent to the district attorney's office. Three weeks later, on April 28, 1978 the lower court denied appellant's PCHA petition. In its opinion, the lower court glossed over the question of whether appellant's post–trial motions were properly filed, saying of this in a footnote:

5. In its opening paragraph, the Supreme Court said, "Appellant, Percy Johnson, was tried by a judge and jury and found guilty of murder in the first degree. Post trial motions were denied and appellant was sentenced to life imprisonment in a state correctional institution. This appeal followed."

"In his Post Conviction Hearing Act application defendant asserts ineffectiveness of trial counsel for failure to file any post trial motions regarding the first conviction. This contention of defendant is understandable inasmuch as such motions were not found among the papers in the Clerk of Criminal Court's file nor did a filing appear in the docket entries of that office. However, it is now abundantly clear that said motions were filed in both cases on December 13, 1972 but for reasons which now escape our memory were retained by the trial judge in his file rather than incorporated in the Clerk of Court's files. Those motions were filed by trial counsel and subsequent thereto additional reasons in support of those motions were filed by appellate counsel. There is no contention by the Commonwealth that the motions attacking the first verdict were not timely filed."

In the body of the opinion, the lower court makes no mention of the arguments contained in the mislaid post–trial motions on the armed robbery convictions. Aside from mentioning the fact that these motions were discovered among the court's papers, the court essentially ignored the motions.[6] Rather, the court concentrated on the fact that in the post–trial motions which were properly filed, appellant challenged the array of jurors. Because the challenge to the array of jurors is an issue which can be said to relate to both of appellant's trials, the PCHA court concludes that this particular issue constituted defense counsel's post–trial motion on the armed robbery conviction. The PCHA court, therefore, ruled that trial counsel was not ineffective for failing to file post–trial motions on the armed robbery conviction because, in the court's opinion, such motions were argued.[7] We find the PCHA court to be in error.

**6.** Although the motions are essentially boilerplate, the issue of the sufficiency of the evidence to convict appellant of armed robbery appears to have arguable merit, although we need not decide now whether appellant should prevail.

**7.** In the record before this court, there is a motion captioned "Defendant's Additional Reasons in Support of Motions for a New Trial and/or Arrest of Judgment." Ostensibly, this is a post–trial motion

■■■ In determining whether an appellant was afforded effective assistance of counsel, this court will make an independent review of the record. *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978). Counsel will be deemed effective if this court determines that the course of action chosen by counsel had some reasonable basis designed to further the client's interests. *Commonwealth v. Hosack*, 485 Pa. 128, 401 A.2d 327 (1979); *Commonwealth v. Weathers El*, 485 Pa. 28, 400 A.2d 1295 (1979). In the case *sub judice*, defense counsel's actions cannot be said to have had a reasonable basis designed to further appellant's interests. Though defense counsel prepared motions for a new trial and in arrest of judgment for appellant's armed robbery conviction, counsel did not see to it that these motions were properly filed and docketed, thereby failing to protect appellant's appeal rights.

Recently, the Supreme Court addressed this very issue in *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477 (1980), wherein the Court said:

"If counsel fails to *raise* an issue in post–verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). This is so, inter alia, because an accused has no absolute right to raise baseless claims and counsel cannot be faulted for not advancing issues which will not at least arguably obtain some relief for the accused.

On the other hand, an accused has an absolute right to appeal, Pa. Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waivers the right, i. e., for not protecting the accused's right in the absence of an effective waiver. This requirement that counsel protect the

for appellant's armed robbery conviction. However, this particular paper was marked "received" by Clerk of Courts on April 4, 1978–after appellant's PCHA hearing. Contained in this motion is an argument that appellant's armed robbery conviction was invalid because the selection of jurors was improper. There is no indication that this particular paper was before the trial court when it ruled on post–trial motions.

appellate right of an accused extends even to circumstances where the appeal is 'totally without merit.' *Commonwealth v. Perry,* 464 Pa. 272, 275, 346 A.2d 554, 555 (1975). This is not to say counsel must advance baseless claims in an appeal; rather, under such circumstances, he must protect the accused's right through the procedure enunciated in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 [18 L.Ed.2d 493] (1967). See *Commonwealth v. Perry,* supra; *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968). Quite simply, the *Anders* procedure would serve no purpose were we to accept the P.C.H.A. court's position in this case." 490 Pa. at 303, 416 A.2d at 479. (Emphasis in original) (Footnote omitted).

The lower court concluded that trial counsel did file and argue post–trial motions on both appellant's armed robbery convictions and appellant's murder convictions, but our independent review of the record fails to support the lower court's conclusion. In addition to the highly irregular docketing of the motions at issue, a perusal of the opinion written by the trial court when it ruled on appellant's post–trial motions gives no indication that the trial court had before it post–trial motions for the armed robbery conviction, though such motions were prepared; on the contrary, the trial court said that it "perceive[d] that defendant [took] no issue with the verdict of guilty as entered and recorded as a result of the first trial but only with the verdict of guilty of murder in the first degree resulting from the second trial." The Supreme Court's opinion in affirmance speaks of the issues only as they bear upon appellant's murder conviction. Although the PCHA hearing court concluded that defense counsel's challenge to the array of jurors was part of the post–trial motions for appellant's armed robbery conviction, it is apparent that the trial court did not view this argument as such, nor did the Supreme Court. For these reasons, we conclude that trial counsel was ineffective for failing to properly file appellant's post–trial motions following appellant's conviction for armed robbery. Accordingly, we reverse the decision of the PCHA hearing

court and order that appellant be allowed to file post–trial motions *nunc pro tunc.*

Reversed and remanded so that appellant might file post–trial motions on his armed robbery conviction *nunc pro tunc.*