430 A.2d 313

**COMMONWEALTH of Pennsylvania**

v.

**Stanley J. CZAPLA, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed May 22, 1981.

Petition for Allowance of Appeal Denied Sept. 24, 1981.

S. Gerald Corso, Ambler, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On June 17, 1976, appellant pleaded guilty to charges of theft and receiving stolen property; he was placed on two years probation. Appellant was arrested again in 1977 and was charged with a number of offenses. A "Gagnon II hearing" (probation revocation hearing) was held on October

5, 1977. Appellant admitted to the violation, his probation was revoked and he was sentenced to 11½ to 23 months incarceration. Subsequently appellant also pleaded guilty on March 6 and 8, 1978 and April 10, 1978[1] to numerous counts of burglary and other related charges. On June 23, 1978, after a presentence investigation had been conducted appellant was sentenced to terms of two to ten years on each of six counts of burglary to run concurrently to each other and consecutive to the previously imposed sentence, two concurrent terms of ten years probation on the attempted burglary charges to commence upon his release and sentence was suspended on the three counts of conspiracy and one count of possession of an instrument of crime. Appellant failed to file any direct appeals. He did however file five Post Conviction Hearing Act petitions. The lower court held a hearing on the petitions and found against appellant. Appellant here appeals from the order denying him relief.

Appellant raises three issues:

I. Was the lower court's denial of an appeal nunc pro tunc improper when the probation revocation court failed to advise appellant of his right to appeal;

II. Did the lower court err in denying appellant a right to withdraw his guilty pleas nunc pro tunc when the sentencing court failed to advise him of such rights; and

III. Was appellant denied his right to appeal by prison officials who allegedly obstructed his access to law libraries and legal clinics.

The Commonwealth concedes that the lower court failed on two occasions to adequately advise appellant of his appeal rights. In particular the Gagnon II hearing judge failed to advise the appellant at the time of sentencing of his right to

1. On March 6, and 8, 1978, pleas of guilty were entered to six counts of burglary, one count of possession of an instrument of crime, three counts of conspiracy, two counts of attempted burglary; ten informations were nolle prossed and three informations were held for trial. On April 10, 1978 appellant withdrew several of the above pleas and entered guilty pleas to several of the remaining charges, the remaining informations were nolle prossed.

appeal, as required by Pa.R.Crim.P. Rule 1405(b).[2] Appellant also was not informed after the court sentenced him on June 23, 1978 of his right to challenge his guilty pleas pursuant to Rule 1405(c).[3]

I. The Commonwealth contends that even though appellant was not advised of his right to appeal the probation revocation, he was not prejudiced since the issue was cognizable in the P.C.H.A. proceedings. To place the present discussion in the proper perspective, appellant admitted violating his probation. So while appellant is correct in arguing that a defendant who is not advised of his appellate rights and is effectively deprived of an appeal should be granted an appeal nunc pro tunc;[4] the present situation must be resolved in the framework of an appeal from a guilty plea entered at a probation revocation hearing.[5] When challenging a guilty plea a defendant may only challenge: the jurisdiction of the court; the lawfulness of

**2.** Rule 1405(b), at that time required the sentencing judge to: "(b) advise the defendant of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed in forma pauperis and to be provided free counsel."
Present Rule 1405(c)(1) requires the same advice to be given.

**3.** At the time of appellant's sentencing Rule 1405(c) read: "(c) when sentence is imposed pursuant to a plea of guilty, advise the defendant on the record:
(1) of the right to file a motion challenging the validity of the plea, the denial of a motion to withdraw a plea or the legality of the sentence imposed pursuant to such plea;
(2) of the ten (10) day time limit within which the motion must be filed;
(3) that the defendant is entitled to be represented by counsel in preparing and litigating the motion; and
(4) that only the grounds contained in the motion may be raised on appeal unless such grounds did not exist during the time for filing the motion."
The same requirement is presently contained in Rule 1405(c)(1)–(5).

**4.** See: *Commonwealth v. Wallace*, 229 Pa.Super. 172, 323 A.2d 182 (1974).

**5.** It must be kept in mind that appellant was sentenced for the underlying offense to which he pleaded guilty on June 17, 1976 and for which he was placed on two years probation. He now bases his argument on his parole violation hearing, held on October 5, 1977 at which time he admitted his violation and sentence was imposed.

the sentence; the validity of the plea; and the competency of counsel. *Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974) and *Commonwealth v. Miller,* 246 Pa.Super. 392, 371 A.2d 896 (1977). The appeal of a probation revocation is also limited.

"The review in an appeal from judgment of sentence which has been imposed following revocation of probation is 'limited to the validity of the revocation proceedings and the legality of the final judgment of sentence'. [*Commonwealth v. Gilmore,* 465 Pa. 202, 205] 348 A.2d [425] at 427 [(1975)]". *Commonwealth v. Sylvanus,* 246 Pa.Super. 93, 369 A.2d 826 (1976).

The present case is a hybrid appeal: an appeal from a P.C.H.A. order concerning a Gagnon II hearing wherein appellant admitted violating the terms of his probation. Appellant argues that his admission to the violation was involuntary because his counsel incorrectly informed him that he would receive a sentence of three to six months and not a sentence of eleven months to twenty-three months which was imposed. Appellant in essence is claiming his admission was involuntary because of counsel's ineffectiveness.

To simplify the present situation we will resolve the issue as if it arose from a guilty plea instead of a Gagnon II plea.[6] When viewed in this perspective the present situation is analogous to the situation in *Commonwealth v. Alston,* 473 Pa. 40, 373 A.2d 741 (1977). In *Alston* the defendant had pleaded guilty, did not take a direct appeal but later filed a P.C.H.A. petition. There it was claimed that the plea was not knowingly and voluntarily made. Relief was denied by the lower court. On appeal *Alston* argued that the hearing court should have allowed an appeal nunc pro tunc. The Commonwealth conceded that the defendant was not advised of his right to appeal. The Supreme Court there held that:

**6.** Appellant is not prejudiced by such review, since the legality of sentence (which he does not question) would be reviewable in either appeal and the validity of his "plea" would be reviewable as it pertains to the validity of the revocation proceedings.

"Appellant is not entitled to relief .... Because he was convicted ... after a plea, the only issues he could contest on appeal would be the jurisdiction of the court, the validity of his plea and the lawfulness of his sentence. (Citation deleted). Appellant was given the opportunity to raise these issues in the post conviction proceedings and challenged only the validity of his plea. The same legal standards were applicable to the post-conviction proceeding as would apply on appeal, and the hearing court applied the correct standards. Therefore, failure to allow appeal as though timely filed was not prejudicial." (Citations deleted). *Id.*, 473 Pa. at 47, 373 A.2d 741.

■ The lower court here allowed appellant full rein to present whatever testimony he wished. He attempted to show counsel was ineffective at the revocation hearing and that the plea was not voluntary. The hearing judge found no merit to appellant's contention. We find that the record of the P.C.H.A. hearing supports the judge's ruling.

"Because those issues are fully cognizable in collateral proceedings, a denial of a defendant's right to appeal is nonprejudicial and standing alone does not afford a basis for relief." (Citations deleted).

*Commonwealth v. Ward*, 442 Pa. 351, 357, 275 A.2d 92 (1971).[7] See also *Commonwealth v. Miller*, 246 Pa.Super. 392, 371 A.2d 896 (1977).

■ II. The Commonwealth contends that even though the court failed to advise appellant at the time of sentencing, June 23, 1978, of his right to challenge his guilty plea, the appellant was allowed to question the validity of the plea before the P.C.H.A. court. The prosecution also notes that appellant was advised of his rights to withdraw the plea on March 8, 1978, when he first entered such plea.

7. To allow appellant an appeal nunc pro tunc would amount to a duplication of the present appeal. We would then re-examine the record to determine whether the plea was voluntary and would again have to review the post-conviction court's finding of competency of counsel.

Prior cases appear to support appellant's contention that failure to advise him of his right requires the granting of allowance to file a motion nunc pro tunc to withdraw his plea. In *Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994 (1977) the Supreme Court held that a direct appeal was not the proper method for attacking a guilty plea. The court held:

"It is now settled that the proper procedure for attacking a guilty plea following the entry of judgment of sentence is to file with the trial court which accepted the plea a petition to withdraw the plea." At 474 Pa. 108, 376 A.2d 994.

The court in *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735 (1979) found the defendant had not been informed that he had a right to withdraw his plea; the court remanded allowing Brandon to file nunc pro tunc a motion to withdraw his plea.[8]

Appellant here requests the *Brandon* remedy of remanding. However, appellant has already had the benefits of a remand would provide. The P.C.H.A. court reviewed appellants guilty plea. Appellant argued that his plea was a result of his counsel's incompetency. Specifically appellant claimed that his lawyer failed to attempt to have evidence suppressed and the case dismissed under Rule 1100, Pa.R. Crim.P. The post conviction court found appellant's contentions were without merit. We agree. To now allow appellant to file a motion nunc pro tunc to withdraw his plea would result in a duplication of the P.C.H.A. hearing. Appellant was allowed to present whatever arguments he wished,[9] he was not prejudiced by the court's consideration

8. In *Brandon*, the defendant had filed a petition for a hearing to determine whether he had waived his right to withdraw the plea. The lower court found he had.

   *Brandon* dealt with a plea entered before current Rule 321, Pa.R. Crim.P. became effective; however, it is still an accurate statement of the procedures to be followed.

9. The lower court permitted appellant to argue matters not contained within the P.C.H.A petitions; the Commonwealth voiced its objections to such a practice.

of such argument in the form of a P.C.H.A. petition instead of a hearing on a motion to withdraw his plea.

III. As a result of our other holdings in this case, we see no need to delve into appellants claim that prison officials interfered with his ability to file an appeal. Appellant has accomplished by collateral appeal what he claims prison officials prohibited him from doing on a direct appeal.

Order affirmed.[10]

SPAETH, J, files a dissenting opinion.

SPAETH, Judge, dissenting:

This case presents us once again with the issue of the extent of relief a PCHA court may grant once it is determined that a petitioner's rights have been denied. In this case, the Commonwealth concedes, and the majority finds, two distinct denials: 1) appellant was not advised on October 5, 1977, when he was sentenced after the revocation of his probation, of his right to appeal; and 2) appellant was not advised on June 23, 1978, when he was sentenced after his guilty pleas, of his right to file a motion to withdraw the pleas.

-1-

In my opinion, when a defendant alleges in a petition filed under the Post Conviction Hearing Act that he has been unlawfully denied the right to direct appeal, guaranteed by the Pennsylvania Constitution, article V, section 9, the PCHA court must decide that issue first. If the court determines that the defendant's right to direct appeal has been denied, it should reinstate the right, so that the defendant may appeal *nunc pro tunc*, and not decide whether the other claims made in the PCHA petition are valid.

10. Our holdings in this case are not intended to condone violations of the Rules of Criminal Procedure. We agree with the dissent that when a P.C.H.A court finds that the petitioner was effectively denied certain procedural rights (i. e., right to appeal or to withdraw a guilty plea) the preferred disposition is to allow the petitioner to proceed nunc pro tunc. However, when as here the court below nonetheless decides on the merits, we may review its findings and conclusions.

This procedure has been approved in several cases. *See, e. g., Commonwealth v. Gaston*, 474 Pa. 218, 378 A.2d 297 (1977); *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1976); *Commonwealth v. Bricker*, 458 Pa. 367, 326 A.2d 279 (1974); *Commonwealth v. Fareri*, 271 Pa.Super. 174, 412 A.2d 632 (1979); *Commonwealth v. Drummond*, 238 Pa.Super. 311, 357 A.2d 600 (1976). Apart from considerations of precedent, I endorse it because it places the defendant who has been denied his right to appeal in the same position as one who has been allowed to exercise that right. The procedure approved by the majority discriminates against the defendant who has been denied his right to appeal. As petitioner in a PCHA proceeding, the defendant has the burden of proving that counsel was ineffective. As appellant on a direct appeal, the defendant has only the burden of proving that his claims are meritorious and have not been waived.

These considerations lead to the further conclusion that if trial counsel fails to file post-verdict motions as well as an appeal, the PCHA court, instead of reinstating the defendant's right to direct appeal, should direct him to file post-verdict motions *nunc pro tunc. Commonwealth v. Johnson*, 280 Pa.Super. 309, 421 A.2d 737 (1980), thereby restoring by making fully effective the right to appeal denied by ineffective counsel.

I acknowledge that this court has not been consistent. Several opinions have recommended that if a PCHA court determines that a defendant's right to appeal has been denied, the court should decide whether the claims made in the PCHA petition are valid. *See, e. g., Commonwealth v. Harper*, 273 Pa.Super. 426, 417 A.2d 722 (1980); *Commonwealth v. Miller*, 246 Pa.Super. 392, 371 A.2d 896 (1977); *Commonwealth v. McLaughlin*, 239 Pa.Super. 324, 361 A.2d 706 (1976). I hope that we shall be able to resolve the issue of how the PCHA court should proceed in our forthcoming opinions in two cases recently argued before our court *en banc: Commonwealth v. May*, (J. 988/80) and *Commonwealth v. Miranda*, (J. 989/80). Until such time, however, I remain of the opinion I have expressed above.

Since here the record discloses that post-verdict motions were not filed on appellant's behalf, I should not consider whether the other claims made in the PCHA petition are valid but should remand with instructions to allow appellant to file post-verdict motions *nunc pro tunc.*

-2-

As the majority acknowledges, failure to advise a defendant of his right to file a motion to withdraw his guilty plea requires granting permission to file a motion to withdraw *nunc pro tunc. Commonwealth v. Brandon,* 485 Pa. 215, 401 A.2d 735 (1979); *Commonwealth v. Beatty,* 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Good,* 256 Pa.Super. 522, 389 A.2d 168 (1978). It follows for the reasons as discussed above, that if the PCHA court determines that the defendant was not advised of his right to file a motion to withdraw, it should grant permission to file the motion *nunc pro tunc* and do no more; it should not go on and determine whether the defendant was denied the right to file a motion to withdraw due to ineffective counsel.

The majority suggests, however, that the failure of the PCHA court to follow the proper procedure is unimportant because the court "allowed appellant full rein to present whatever testimony he wished," making a remand for a hearing on a motion to withdraw the pleas *nunc pro tunc* a needless duplication. (Maj. op. at 315–316) A review of the notes of testimony at the PCHA hearing suggests the opposite. In particular, appellant argued on PCHA that counsel was ineffective for several reasons, including his failure to move to suppress certain evidence obtained in an unconstitutional search and seizure, and an incriminating statement made by appellant in Graterford prison in the absence of counsel. (N.T. 24–25) It is settled that where it is unclear from the record whether counsel's failure to move to suppress had a reasonable basis, the proper remedy is to remand for an evidentiary hearing on that issue. *Commonwealth v. Mosely,* 261 Pa.Super. 198, 395 A.2d 1384 (1978). *See also Commonwealth v. Morris,* 265 Pa.Super. 589, 402 A.2d 702

(1979).   In the present case, the record is indeed unclear. The attorney charged with ineffectiveness testified that in his judgment, there were "absolutely no grounds" for a motion to suppress.   (N.T. 35)   This conclusory statement remains unexplained;  there was no evidence as to precisely what the evidence in question was, or why counsel was of the opinion that there were no grounds for a motion to suppress.

The order of the lower court should be reversed and the case remanded for further proceedings consistent with this opinion.