## Commonwealth *v.* Gatto, Appellant.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

94

*Vito P. Geroulo,* Assistant Public Defender, for appellant.

*Anthony J. Popeck,* Assistant District Attorney, and *Paul R. Mazzoni,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 22, 1975:

This appeal arises from appellant's conviction of possession of a prohibited offensive weapon.[1] In the early morning of October 24, 1975, at approximately 3:30 a.m., two Scranton police officers observed appellant removing a long shiny object from the trunk of an automobile and placing it in the front seat. Appellant then sped away from the area at a high rate of speed and, after being pursued for several blocks, was pulled over. When one of the officers approached the car, there was in plain view the tip of a large shiny knife, which was approximately 30 inches long. After being tried and found guilty by a jury of possession of an offensive weapon, appellant filed motions for a new trial and in arrest of judgment which were denied. Appellant now appeals to this court raising three issues.

First, appellant contends that the Commonwealth's evidence was not sufficient in law to warrant the guilty verdict. More specifically, appellant claims that the evidence was insufficient to show that he had knowledge of the knife's presence. This claim is based on the fact that the officers could not testify without doubt that the object transferred from the trunk to the front seat was the knife in question.

---

1. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §908.

"As we have repeatedly said the test in determining if the evidence is sufficient to sustain a criminal conviction is, whether accepting as true all of the evidence of the Commonwealth, and all reasonable inferences arising therefrom, upon which the jury could properly have reached its verdict, was it sufficient in law to prove beyond a reasonable doubt that the appellant was guilty of the crime of which he stands convicted. See *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971)." *Commonwealth v. Burton,* 450 Pa. 532, 534 (1973). See also *Commonwealth v. Elam,* 221 Pa. Superior Ct. 315, 317 (1972).

Applying this test to the instant case, it is clear that the fact that the knife was in plain view in the front seat is sufficient evidence from which the jury could infer that appellant knew of the knife's presence.

Appellant states his second issue as follows: "The activity of David Gatto falls under Section 312[2] of the new criminal code in that this was a de minimis infraction wherein the defendant did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense." This issue raises two questions: (1) does Section 908 require that intent to employ the weapon criminally be proven; and, (2) does the weapon in question fall under the prohibition of Section 908. The first question is easily answered. The Comments to the Model Penal Code[3] clearly state that mere possession of an item prohibited by Section 908, even if there is no intent to employ such item criminally, is sufficient to convict one of violation of Section 908. See also *Commonwealth v. Ponds,* 236 Pa. Superior Ct. 107 (1975).

---

2. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §312(a)(2).

3. American Law Institute, Model Penal Code, Reprint of Tentative Drafts Nos. 11-13 at p. 68 (1960).

The second question, whether the weapon falls under Section 908, is not as easily resolved. Section 908 defines offensive weapons as follows:

"(c) Definition.—As used in this section 'offensive weapon' means any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

It could be argued that the weapon in question is a knife and is, therefore, prohibited by Section 908, but this would be a strained reading of this statute. The items "knife, razor or cutting instrument" are modified by the phrase "the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise." If any other reading were given to this statute a butter knife, or a pack of razor blades would have to be considered offensive weapons. Common sense tells us that this clearly was not the legislative intent.[4] Therefore, if the 30 inch knife is prohibited by Section 908, it must be included under the phrase "or other implement for the infliction of serious bodily injury which serves no common lawful purpose." It is clear that the weapon can be used for the infliction of serious bodily injury; and, therefore, we are faced only with the question of whether such weapon serves any common lawful purpose. This phrase is new and has as yet not been interpreted in Pennsylvania. At the outset it might appear that we have the option of

---

4. This interpretation is also in accord with prior Pennsylvania law which dealt with this type of weapon. See Act of June 24, 1939, P.L. 872, §419, added by Act of April 4, 1956, P.L. (1955) 1382, §1, 18 P.S. §4419.

interpreting "serves no common lawful purpose" several ways: (1) it could be so strictly construed that no item would be prohibited by the phrase for, if one looks long enough, a common lawful purpose could be found for everything, metal knuckles, for instance, could be used to crack walnuts; (2) it could be so loosely construed that all items would be prohibited by the phrase; or (3) it could be given a reasonable common sense interpretation. However, all statutory law must be given a reasonable construction, *Kelly v. Jones*, 419 Pa. 305, 308 (1965); and, therefore, we have no choice but to apply the third alternative.

Applying a reasonable construction to the phrase in question, under the circumstances of this case, we can safely conclude that a thirty-inch knife serves no common lawful purpose. Had appellant been on a journey through the tropical rain forests of South America, attempting to travel by foot from Bogota, Colombia to Caracas, Venezuela, it could then be reasonably concluded that a thirty-inch knife had a common lawful purpose; but, appellant was in a high crime urban area of Scranton, Pennsylvania at 3:30 in the morning. Under such circumstances we can find no common lawful purpose for a thirty-inch knife.

In his third issue appellant attempts to argue that he showed by a preponderance of the evidence that he possessed the knife in consequence of having found it; and, therefore, he comes under the exception set forth in Section 908 (b). Such Section is as follows:

"(b) Exception.—It is a defense under this section for the defendant to prove by a preponderance of evidence that he possessed or dealt with the weapon solely as a curio or in a dramatic performance, or that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully."

In support of this argument appellant's father testified that he placed the knife under the seat of the car. This question can be resolved only by determining the relative credibility of the witnesses. The jury in the instant case was instructed as to the exception set forth in Section 908(b), but found that appellant did not offer sufficient proof to bring himself under such exception. It is not the job of an appellate court to second guess a jury as to a question which rests on a determination of credibility.[5]

Accordingly the judgment of sentence is affirmed.

_____

5. The question of whether the legislature may constitutionally require a defendant, charged under Section 908, to prove by a preponderance of the evidence that he possessed the weapon "as a consequence of having found it," has not been raised in this appeal, so that we may not now consider it. See, e.g., *Wiegand v. Wiegand*, 461 Pa. 482 (1975).