## Commonwealth v. Stimer

*Richard M. Mohler*, for Commonwealth.
*John B. Schaner*, for defendant.

**318**

ZIEGLER, *P.J.*, March 30, 1977—On April 3, 1974, defendant was arrested and charged with possession of a prohibited offensive weapon, to wit: a 20-gauge sawed-off shotgun, under section 908 of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §908. A sword with ivory handle, 36 inches long in metal scabbard, and a folding pocketknife, overall length of 10¾ inches with 4¾ inch blade, were also seized when defendant was arrested. Defendant was tried non-jury and found guilty of possessing a sawed-off shotgun. On October 13, 1976, the Commonwealth filed a petition to forfeit and/or destroy all three items. A hearing was held on November 17, 1976, and defendant objected to forfeiture or destruction of the sword and pocketknife.

Authority for forfeiture in Pennsylvania is notably discussed by President Judge Coffroth in Com. v. Spisak, 69 D. & C. 2d 659, 30 Somerset 95 (1974). Judge Coffroth summarized that "[t]he power of government to deprive the citizen of his property by forfeiture must rest on statute, and cannot be found in any supposed inherent or common law judicial power."[1] 69 D. & C. 2d at 665-666 (citations omitted). Statutory forfeiture may be expressed[2] or implied. "Forfeiture may be implied

1. But see Philadelphia Court Rule 700(A) which provides: "Any firearm or other deadly weapon used in the commission of a crime which is offered as an exhibit in any criminal proceeding in which the defendant who was in possession of the weapon is convicted shall be confiscated by the trial judge."

2. "Examples [in Pennsylvania] are: gambling devices under the Crimes Code, 18 Pa.C.S.A. §5513(b); liquor, equipment and vehicles under the Liquor Code of April 12, 1951, P.L. 90, as amended, 47 PS §6-601; vehicles with defaced serial number under The Vehicle Code of April 29, 1959, P.L. 58, 75

from the provisions of a statute which makes possession of specific property illegal, even though the statute may not expressly provide for forfeiture; the property cannot lawfully be returned and must of necessity be forfeit if possession is prohibited[3] or if unmet conditions are placed upon its possession." 69 D. & C. 2d at 672 (footnote added).

Defendant in Com. v. Spisak pleaded guilty to carrying a firearm in his car without a license in violation of section 6106 of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S.A. §6106. The Commonwealth then filed a petition to forfeit the pistol and defendant objected and requested its return. The court concluded that a pistol was not contraband per se as it might be lawfully owned, possessed and used. The court recognized that a pistol might fall within the second class of contraband as an article whose possession was ordinarily lawful, but might become unlawful by unlawful use: 69 D. & C. 2d at 673. However, such use alone does

---

PS §303(b); drugs, containers, etc., under The Uniform Controlled Dangerous Substances Act of April 14, 1972, P.L. 165 (no. 64), 35 PS §780-128; explosives under the Crimes Code, 18 PS §6162(d); game and hunting devices, equipment, firearms and vehicles under the Game Law of June 3, 1937, P.L. 1225, 34 PS §§1311.1209, 1311.1214-16." Com. v. Spisak, supra, 69 D. & C. 2d at 672, n.5.

3. This refers to "contraband per se," considered such because the nature of the article itself makes possession illegal. The other class of contraband, "derivative contraband," consists of property whose possession is ordinarily lawful but may become unlawful by unlawful use. See One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L. Ed. 2d 170 (1965), and Com. v. Altizer, 213 Pa. Superior Ct. 201, 245 A. 2d 692 (1968), drawing this distinction. Derivative contraband can only be forfeited by express statutory provision.

not render it forfeit, unless made so by statute, and neither the Pennsylvania Uniform Firearms Act nor any other applicable statute contains express forfeiture provisions. The court next determined whether any forfeiture was implied by reason of unmet conditions. Section 6105 requires that no one who has been convicted of a crime of violence shall own or possess a firearm. Section 6110 further requires that no firearm be delivered to any person under the age of 18, or, where reasonable belief exists, to one who has been convicted of a crime of violence, or is a drug addict, an habitual drunkard, or of unsound mind. The court reasoned that, unless defendant satisfied the court that he was a suitable person to receive delivery of the firearm, foregoing sections of said act implied forfeiture of the weapon.

Turning to this case, we also conclude that a sword and pocketknife[4] are not contraband per se. There may be circumstances under which possession of either one of these articles would be unlawful but this alone would not justify forfeiture absent express statutory authority. The Commonwealth has not suggested nor could we find any express statutory provisions for unlawful use of these items. Additionally, defendant was neither tried nor charged with any offenses involving these articles. The prosecution was directed at possession of the sawed-off shotgun only. Normally, forfeiture

---

4. No contention is made that this knife had a blade "which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise" and therefore an offensive weapon, mere possession of which is prohibited by section 908 of the Crimes Code.

for unlawful use follows conviction of the substantive offense.

We also have uncovered no applicable statutes restricting or placing conditions upon the mere possession of a sword or pocketknife from which we could imply forfeiture.[5] Unlike firearms, possession of these items is not dependent upon whether or not one is a "suitable person." See 18 Pa.C.S.A. §§6105, 6109, 6110. As the sword and pocketknife may lawfully be held by defendant, we must refuse the Commonwealth's petition as to those items.

We further conclude that, as section 908 enumerates a sawed-off shotgun as a prohibited offensive weapon, the section implies forfeiture of that item.

## ORDER

Now, March 30, 1977, after hearing on November 17, 1976, the Commonwealth's petition for forfeiture is refused as to the sword and pocketknife and granted as to the sawed-off shotgun.

---

5. The Commonwealth bases its petition on section 908 of the Crimes Code. This section neither contains any express forfeiture provisions nor, in our belief, implies that the sword and knife could not lawfully be held and retrieved by defendant. We are aware that the Superior Court has upheld a conviction under this section for possession of a 30 inch knife: Com. v. Gatto, 236 Pa. Superior Ct. 92, 344 A. 2d 566 (1975). But cf. Com. v. Adams, 245 Pa. Superior Ct. 431, 369 A. 2d 479 (1976) (weapons having recognized uses of a socially acceptable nature but which can be *used* offensively are dealt with under section 907). However, even assuming that Gatto was appropriately prosecuted under section 908 rather than section 907, the conviction was based upon the circumstances existing at arrest and not a *general* prohibition of large knifes.