394 A.2d 1291

**COMMONWEALTH of Pennsylvania**

v.

**Jared WYMES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Nov. 30, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, by the

defendant-appellant, Jared Wymes, after being found guilty of charges of Possessing Instruments of Crime (18 Pa.C.S.A. § 907) and Possessing Prohibited Offensive Weapons (18 Pa.C.S.A. § 908). He was sentenced to two years probation.

Certiorari was taken to the Court of Common Pleas, Criminal-Trial Division, under the authority of § 26 of the Schedule to Article 5 of the Pennsylvania Constitution and General Court Regulation 73–8. The court below granted the writ as to 18 Pa.C.S.A. § 907 and denied it as to 18 Pa.C.S.A. § 908.

The defendant was arrested on May 20, 1977 in a Philadelphia subway near Broad and Hunting Park Station at approximately 10:40 P.M. He was found to be in possession of a butcher knife with a 7″ blade. The knife was wrapped in paper and was in his back pocket.

Section 908 of the Code reads, inter alia: "or other implement for the infliction of serious bodily harm which serves no common lawful purpose." The court below held the knife was a prohibitive offensive weapon under this section.

The court below relied on *Commonwealth v. Gatto*, 236 Pa.Super. 92, 344 A.2d 566 (1975). In that case the weapon was a "thirty inch knife". This court held:

"Therefore, if the 30 inch knife is prohibited by Section 908 it must be included under the phrase 'or other implement for the infliction of serious bodily injury which serves no common lawful purpose.' It is clear that the weapon can be used for the infliction of serious bodily injury and therefore we are faced only with the question of whether such weapon serves any common lawful purpose . . .

"Applying a reasonable construction to the phrase in question, under the circumstances of this case, we can safely conclude that a thirty inch knife serves no common lawful purpose. Had appellant been on a journey through the tropical rain forests of South Africa, attempting to travel by foot from Bogota, Columbia to Caracas, Venezuela it could then be reasonably concluded that a thirty inch knife had a common lawful purpose; but appellant

was in a high crime urban area of Scranton, Pennsylvania at 3:30 in the morning. Under such circumstances we can find no common lawful purpose for a thirty inch knife."

■ Applying the standards of *Gatto*, supra, it is apparent that the seven inch knife (commonly known as a butcher knife) can be used to inflict serious bodily harm. It is equally clear that such a knife is a common implement in the kitchen. However, it serves no lawful purpose in a subway late at night in a high-crime area.

See *Commonwealth v. Cartagena*, 482 Pa. 6, 393 A.2d 350 (1978) in which the Supreme Court held:

"Appellant argues that § 907 is unconstitutional because it makes possession of an ordinary kitchen knife against the law. However, appellant misreads this section. Section 907 does not prohibit mere possession of a kitchen knife; rather, this section makes it unlawful to possess a kitchen knife when the possessor intends to use the knife criminally. Further, the same is true when the weapon is concealed. Because intent must be proven, § 907 is not vague and is thus constitutional.

"Appellant makes the same argument about § 908; i. e., since the section makes possession of a kitchen knife unlawful, it must be unconstitutional. Appellant again has misread this section. Section 908 specifically defines what are prohibited offensive weapons. One such weapon is a 'knife . . ., the blade of which is exposed in an automatic way by switch, push-button, spring mechanism or otherwise . . .' Section 908 does not define a simple kitchen knife as a prohibited offensive weapon. Appellant's argument is thus without merit."

■ We affirm the conviction of the possession of a prohibitive offensive weapon but as the court below reversed on Writ of Certiorari as to the charge of possession of an instrument of crime the case should have been remanded for resentencing as although there was only one sentence on both convictions it may have influenced the imposition of the sentence. *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

The case is remanded to the Municipal Court for resentencing on the one charge.

JACOBS, President Judge, concurs in the result.

SPAETH, J., files a dissenting opinion, in which CERCONE, J., joins.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I believe the majority reads *Gatto* too broadly. That case should be interpreted as holding that a thirty inch knife has no common lawful purpose. The type of shifting circumstances test that the majority attributes to *Gatto* is not appropriate to Section 908 of the Crimes Code, but belongs rather to Section 907, which prohibits possession of instruments of crime and defines an instrument of crime as being "anything commonly used for criminal purposes and possessed by the actor under *circumstances not manifestly appropriate for lawful uses it may have.*" (Emphasis added.) *See generally Commonwealth v. McHarris*, 246 Pa.Super. 488, 371 A.2d 941 (1977). Here I do not believe that a seven inch butcher knife commonly used in a kitchen is a prohibited offensive weapon under Section 908. Indeed, our Supreme Court has recently held that a "simple kitchen knife" is not a prohibited offensive weapon. *Commonwealth v. Cartagena*, 482 Pa. 6, 393 A.2d 350 (1978).*

I should, therefore, vacate the judgment of sentence and discharge the defendant.

CERCONE, J., joins in this opinion.

* The majority has quoted *Commonwealth v. Cartagena* out of context. The passage quoted deals with the appellant's arguments that Sections 907 and 908 are constitutionally vague. While it is true the Supreme Court rejected these arguments, it did so specifically on the premise that Section 908 "*does not define a simple kitchen knife as a prohibited offensive weapon.*" (Emphasis added)