417 A.2d 700

**COMMONWEALTH of Pennsylvania**

v.

**Aubrey Franklin MYERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Jan. 4, 1980.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

WIEAND, Judge:

Appellant, Aubrey Myers, Jr., was convicted by a judge sitting without jury on a charge of possessing a prohibited offensive weapon.[1] Appellant's sole argument on appeal is that the knife he possessed was not a prohibited offensive weapon within the meaning of § 908 of the Crimes Code. We agree and reverse.

On June 3, 1977, at or about 7:00 o'clock, P.M., police were called to quell a disturbance on Howard Avenue in the City of Lancaster. Upon arrival at the scene, they found large groups of people standing on both sides of the street. Appellant, who had been standing in the crowd, ran into a house, emerged with knife, and ran up the street towards a man standing on the porch of a nearby house. As appellant approached the man, he shouted that he was going to kill him. Police stopped appellant and took the knife from him. The knife, described as a butcher knife, was 13 inches in length with an 8 inch blade.

Section 908(c) of the Crimes Code defines offensive weapons as:

> . . . any bomb, grenade, machine gun, sawedoff shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose.

The knife possessed by appellant in this case was not one which had a blade that was exposed in an automatic way. Appellant's conviction can be sustained, therefore, only if the knife is to be deemed an "implement for the infliction of serious bodily injury which serves no common lawful purpose".

The Commonwealth argues that the phrase "common lawful purpose" must be interpreted as meaning common lawful

1. 18 Pa.C.S. § 908.

purpose *under the circumstances.* Under this interpretation, it is argued, the 13 inch knife which appellant carried while charging up a crowded street threatening to kill another person, could have no common lawful purpose. The same interpretation of Section 908(c) was urged upon and rejected by the Supreme Court in *Commonwealth v. Fisher,* 485 Pa. 8, 400 A.2d 1284 (1979). The Court there said that for a court to add the words "under the circumstances" to the language of the section increased its scope beyond what had been intended by the legislature. Section 908 of the Crimes Code, the Court held, was intended to apply *only* to those weapons having *no* common lawful purpose. See also: *Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978); *Commonwealth v. Ashford,* 263 Pa.Super. 100, 397 A.2d 420 (1979).

The 13 inch butcher knife which appellant possessed in the instant case had a common, lawful purpose. Thus, although another section of the Crimes Code may have been violated, Section 908(c) was not violated. The conviction, therefore, must be set aside.

The judgment of sentence is reversed, and appellant is discharged.