418 A.2d 644

COMMONWEALTH of Pennsylvania

v.

Robert ARTIS, Appellant.

Superior Court of Pennsylvania.

Argued June 13, 1979.

Filed Feb. 1, 1980.

Walter B. Dunsmore, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, submitted a brief on behalf of the Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SPAETH, Judge:

Appellant was tried by a judge sitting without a jury and was convicted of disorderly conduct[1] and possession of a prohibited offensive weapon.[2] After his post-verdict motions were denied, appellant was sentenced to a term of 9 months to 5 years in prison for possession of a prohibited offensive weapon; he was given a suspended sentence for disorderly conduct.[3] On this appeal appellant argues that the evidence failed to establish that he possessed a prohibited offensive weapon as such a weapon is defined by section 908 of the Crimes Code.

The charges arose from appellant's possession of a folding knife with a seven inch blade. Appellant testified that he purchased the knife at a sporting goods store, to use for hunting and fishing. He was arrested, however, during a disturbance in a barroom, when he stood in the middle of the barroom floor, waving the knife at other people.

Section 908(a) of the Pennsylvania Crimes Code provides: "A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon."

* President Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN, of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. 18 Pa.C.S. § 5503.

2. 18 Pa.C.S. § 908.

3. Appellant was convicted of misdemeanor disorderly conduct, which occurs where "the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist." 18 Pa.C.S. § 5503(b).

Section 908(c) defines an "offensive weapon" as "any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any black jack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, *the blade of which is exposed in an automatic way by switch, push-button, spring mechanism or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose.*" (Emphasis added.) We must therefore decide, first, whether appellant's knife had a blade "exposed in an automatic way," and second, if it did not, whether it was an "implement for the infliction of serious bodily injury which serve[d] no common lawful purpose."

The testimony at trial established, and the Commonwealth concedes, that appellant's knife was not one that could be opened "in an automatic way." Thus, the propriety of appellant's conviction under section 908 depends on whether the Commonwealth proved that the knife was an "implement for the infliction of serious bodily injury which serve[d] no common lawful purpose." Appellant argues that the knife was of a type used for hunting, fishing, and other common lawful purposes. The Commonwealth argues, and the court below adopted the view, that the knife was not used under circumstances indicating that it served a common lawful purpose; waving the knife in the crowded barroom, according to the Commonwealth and the court below, was not a common lawful purpose.

Both the court below and the Commonwealth on this appeal have relied upon this court's decision in *Commonwealth v. Gatto*, 236 Pa.Super. 92, 344 A.2d 566 (1975), as setting forth a circumstances-of-the-possession test. In *Gatto* the defendant was arrested for possessing a thirty inch knife during the early morning hours in the downtown area of the city of Scranton. In holding that the possession was possession of a prohibited offensive weapon under section 908, this court stated: "Had appellant been on a journey

through the tropical rain forests of South America, attempting to travel by foot from Bogota, Colombia to Caracas, Venezuela it could then be reasonably concluded that a thirty inch knife had a common lawful purpose; but appellant was in a high crime urban area of Scranton." 236 Pa.Super. at 97, 344 A.2d at 568–69.

Recently, in *Commonwealth v. Ashford* 263 Pa.Super. 100, 397 A.2d 420 (1979), a plurality of this court stated that *Gatto* should not be construed as setting forth a circumstances-of-the-possession test for determining whether an instrument served a common lawful purpose. The plurality further noted that while such a test might be proper in determining whether there had been a violation of section 907 of the Crimes Code, it had no place in determining whether there had been a violation of section 908. Even more recently, in *Commonwealth v. Fisher*, 485 Pa. 8, 400 A.2d 1284 (1979), the Supreme Court was confronted with the question of whether a "Wyoming" knife was a prohibited offensive weapon under section 908. After considering sections 907 and 908 of the Crimes Code and this court's decision in *Gatto*, the Supreme Court concluded that on a charge of violating section 908(c), a circumstances-of-the-possession test was inappropriate in determining whether the instrument served a common lawful purpose.

Given the Supreme Court's decision in *Fisher*, the Commonwealth's reliance on *Gatto* is misplaced. As no other basis is offered as supporting appellant's conviction under section 908, we must vacate that conviction. Appellant has made no argument with respect to his conviction of disorderly conduct, and the case will be remanded for resentencing on that conviction. *See Commonwealth v. Hill*, 267 Pa.Super. 140, 406 A.2d 558 (1979); *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

Appellant's conviction of possessing a prohibited offensive weapon is vacated and the case is remanded for resentencing on appellant's conviction of disorderly conduct.