## Commonwealth v. Morrison

*Charles P. Wasovich, Assistant District Attorney,* for Commonwealth.

*Benjamin H. Claar, Jr., Assistant Public Defender,* for defendant.

PEOPLES, *P.J.*, January 8, 1981—On April 24, 1980, shortly after 6:00 p.m., defendant and his male companion were confronted by police officers in the City of Altoona at the entrance to Fifth Alley at Tenth Street when the officers responded to a report of a disturbance in that general vicinity of the city. At that time both defendant and his companion were carrying wooden sticks or clubs and further investigation by the officers at the scene revealed that both subjects were armed with handguns at least one of which, that possessed by defendant, was loaded. At this initial confrontation defendant stated to the officers that he and his friend were looking for "the dudes who did them in" the previous night in the same neighborhood.

Both defendant and his companion were taken into custody, placed in a police car, and given their Miranda warnings. Thereafter, while still in the police car, defendant indicated to one of the officers that he was in that area of the city to "get even with the dudes who had done him in" the night before. In fact, the wooden stick which defendant was carrying has been identified by both defendant and the Commonwealth as an ax handle.

Shortly after he was taken into custody, defend-

ant was formally charged on a criminal complaint with theft of property, mislaid or delivered by mistake; receiving stolen property; firearms not to be carried without a license; and prohibited offensive weapons. A preliminary hearing held on July 15, 1980 resulted in the finding of a prima facie case as to all charges. Defendant thereafter filed a motion to quash the criminal information filed by the district attorney as to the charge of prohibited offensive weapon only and it is that motion which is now before this court for decision following an evidentiary hearing held thereon on January 7, 1981.

It is the contention of defendant that the charge of prohibited offensive weapons finds no application in this matter primarily for the reason that an ax handle is not one of the weapons specified as prohibited in the provisions of section 908(c) of the Crimes Code, 18 Pa.C.S.A. §908(c). Said section 908(c) provides that:

"(c) Definition.—As used in this section 'offensive weapon' means any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

Defendant argues with equal intensity that the last provision of subsection (c) pertaining to an "other implement . . . which serves no common lawful purpose" is not applicable to the instant case. The correctness of defendant's first conten-

tion cannot be questioned for certainly an ax handle is not specifically defined as a prohibited offensive weapon. This court, however, cannot agree with the second phase of defendant's contention.

In Com. v. Gatto, 236 Pa. Superior Ct. 92, 97, 344 A. 2d 566 (1975), the Superior Court of Pennsylvania dealt with section 908(c), supra, and stated: "However, all statutory law must be given a reasonable construction [citation omitted]; and, therefore, we have no choice but to apply the third alternative [a reasonable common sense interpretation]."

Defendant argues here that in reaching its decision this court should not give any consideration to the circumstances attendant to the discovey of defendant in possession of the ax handle. It is highly significant in this regard that in Gatto, supra, although the instrument in question was a large knife, the Superior Court made specific mention of the "circumstances" when it stated at p. 97: "Applying a reasonable construction to the phrase in question, *under the circumstances of this case,* we can safely conclude that a thirty-inch knife serves no common lawful purpose." Later in the same opinion the court again stated at p. 97: *"Under such circumstances* [high crime urban area at 3:30 in the morning] we can find no common lawful purpose for a thirty-inch knife." (Emphasis supplied.)

"The broad purpose behind Section 908 can be seen in the general class of weapons which it prohibits, i.e., offensive weapons . . . Section 908 reflects a strong public policy to dissuade persons from carrying and brandishing weapons or any 'objects' which have the appearance or characteristics of an offensive weapon. Much sorry experience has taught members of our society to be inclined to

accept such objects for what they appear to be." Com. v. Ponds, 236 Pa. Superior Ct. 107, 111, 345 A. 2d 253 (1975).

Applying the foregoing views of the Superior Court to the instant matter we conclude that the ax handle in the possession of defendant (without an ax head) in a public alley of the city had no apparent common useful purpose and none has been shown by defendant. When viewed in the light of the expressed intentions and purpose of defendant for being where he was found by the police, namely, "to get even with the dudes who had done him in," we have no hesitation in concluding that the ax handle definitely falls within the proscription of section 908(c), supra. To conclude otherwise would defy common sense and require a ludicrously strict interpretation of the provisions of that section which was never intended by the legislature. This court has no doubt that had defendant and his companion succeeded in locating the "dudes" whom they sought, they most certainly would have used the clubs (ax handle) to attack those "dudes" and "settle the score."

For all of the foregoing reasons, we find defendant's motion to quash to be without merit and make the following

## ORDER

Now, January 8, 1981, defendant's motion to quash is denied and dismissed.