674 A.2d 249

COMMONWEALTH of Pennsylvania, Appellant

v.

**Erik Rune KARLSON.**

Superior Court of Pennsylvania.

Argued Feb. 6, 1996.

Filed March 19, 1996.

Curtis J. Rogers, Assistant District Attorney, Stroudsburg, for Commonwealth, appellant.

Chad A. Martinez, Stroudsburg, for appellee.

Before: CIRILLO, President Judge Emeritus, BECK, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

The Commonwealth appeals from the order of the Court of Common Pleas granting defendant's petition for writ of habeas corpus. We affirm.

On separate occasions, from March through November of 1994, Eric Karlson sold four "Cobra" knives at a Pocono flea market to an undercover police officer.[1] Karlson was subsequently arrested and charged with four counts of selling prohibited offensive weapons in violation of 18 Pa.C.S.A. § 908. After a preliminary hearing was held, the trial court arraigned Karlson, where he entered pleas of not guilty to all four counts. Karlson filed an omnibus pretrial motion that included a Writ of Habeas Corpus. The writ alleged that the four weapons Karlson sold did not constitute prohibited offensive weapons as defined by the statute, and, in the alternative, the knives fell under the "curio" defense to section 908.[2]

---

**1.** On one of the sales, the police officer employed a 16 year-old boy to conduct the sales transaction with Karlson. The officer gave the boy money to make the purchase for him. After obtaining the knife, the boy gave it to the officer for use in the ongoing investigation of the defendant.

**2.** The term "curio" is listed as an exception to culpability under 18 Pa.C.S.A. § 908(b). Our court has explained the term as "a thing of curiosity—some momento, or something you came into possession of." *Commonwealth v. McCue,* 338 Pa.Super. 117, 127, 487 A.2d 880, 886 (1985).

The Summary of Argument section of the Commonwealth's appellate brief states that "whether the knives had a common lawful purpose is [an issue] that should have been left to the jury" and which required reversal of the trial court and remanding the case for further proceedings. Because the "curio defense" has neither been identified nor argued as an issue on appeal, we will not address its merits. *See Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982)

After hearing arguments, the trial court determined that the knives sold by Karlson were not the type of weapons that were intended to be prohibited under section 908. The court granted Karlson's writ and dismissed all criminal charges. The Commonwealth now presents us with the following issue

Did the trial court commit reversible error in granting habeas corpus relief?

The Commonwealth properly appeals from the trial court order granting a writ of habeas corpus.[3] The decision to grant or deny a petition for writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. *Commonwealth v. Lundberg*, 422 Pa.Super. 495, 619 A.2d 1066 (1993). "It is settled that a petition for writ of habeas corpus is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a *prima facie* case." *Commonwealth v. Scott*, 396 Pa.Super. 339, 578 A.2d 933 (1990) (citations omitted). Although a habeas corpus hearing is similar to a preliminary hearing, in a habeas corpus proceeding the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged. *Id.*

The Pennsylvania Criminal Code defines the offense of prohibited offensive weapons, 18 Pa.C.S.A. § 908, as follows:

(a) **Offense defined.**—A person commits a misdemeanor of the first degree if, except as authorized by law, he makes, repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon.

Additionally, the term "offensive weapons" is defined as:

Any bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or special-

(holding that where issues are not properly raised and developed in briefs, a court will not consider the merits thereof).

**3.** Unlike a defendant who may not immediately appeal from the denial of his pretrial application for habeas corpus relief, the Commonwealth may appeal from an order discharging defendant upon writ of habeas corpus. *See Commonwealth v. Hess*, 489 Pa. 580, 414 A.2d 1043 (1980); *Commonwealth v. Oeler*, 357 Pa.Super. 281, 515 A.2d 977 (1986).

ly adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose.

18 Pa.C.S.A. § 908(c).

Section 908 of the Criminal Code imposes strict liability upon defendants who conduct activity with instruments proscribed by the above statutory language. The legislature intended section 908 to be penal in nature, and, thus, strictly construed. "This section [908] reflects a strong public policy to prevent persons from carrying weapons or any "objects" which have the appearance or characteristics of an offensive weapon." *Commonwealth v. Stewart,* 343 Pa.Super. 514, 532, 495 A.2d 584, 593 (1985). "The class of weapons dealt with in Section 908 [has] no peaceful purpose, and the only conceivable use is for purposes which our society has found to be criminal." *Commonwealth v. Ashford,* 263 Pa.Super. 100, 106, 397 A.2d 420, 423 (1979). For these reasons, in order to hold a defendant criminally liable under section 908, intent to actually use the offensive weapon need not be proven. *Commonwealth v. Gatto,* 236 Pa.Super. 92, 344 A.2d 566 (1975).

The Commonwealth asserts that the knives sold by Karlson were not the type of objects that have a common lawful purpose. Specifically, the Commonwealth argues that the sharp metal spikes emanating from the knives' handles could have "no conceivable common lawful purpose" and, as such, are prohibited weapons under section 908. The Commonwealth claims that the trial court improvidently dismissed the charges against Karlson, and, therefore, committed an abuse of discretion. The Commonwealth maintains that this case be reversed and remanded so that the issue regarding the purpose of the knives be addressed by the proper authority—the fact finder at trial.

■■ Because the "Cobra" knives are instruments consisting of blades that are not "exposed in an automatic way" and, therefore, not weapons specifically prohibited by the statute, we must determine whether the knives fit into the category of being "implement[s] for the infliction of serious bodily purpose which serves no common lawful purpose," under 18 Pa.C.S.A. § 908(c). To determine if a weapon has a common lawful purpose, for purposes of section 908, there is no need to consider the particular circumstances of the case. *Ashford,* 263 Pa.Super. at 106–09, 397 A.2d at 423–24. *See also Commonwealth v. Fisher,* 485 Pa. 8, 400 A.2d 1284 (1979) (Pennsylvania Supreme Court held that to add "under the circumstances" to section 908's language "common lawful purpose" would impermissibly increase the scope and intent of the statute and cause an unnecessary and unintended overlap with section 907 of the Criminal Code). Additionally, courts must construe the term "common lawful purpose" in a reasonable and commonsense manner. *Gatto,* 236 Pa.Super. at 96, 344 A.2d at 568.

In interpreting section 908 our court has stated that:

[I]t is useful to distinguish between those weapons which are offensive *in themselves,* meaning that the universal experience within our society has been that these weapons are used only in furtherance of crime, and those that can be used offensively, in the hands of one inclined to do so, but also have recognized uses of a socially acceptable nature.

*Commonwealth v. Jackson,* 336 Pa.Super. 609, 486 A.2d 431 (1984) (citation omitted) (emphasis in original). Courts have also employed the language of a comment to a Model Penal Code section, which served as the basis for section 908, in order to ascertain what type of weapons should be prohibited under this Pennsylvania criminal code section. This comment states:

Other weapons like sporting rifles, shotguns and revolvers, and dangerous implements which have peaceful as well as lethal potentialities, like *knives* and *straight razors,* cannot be dealt with by drastic prohibition. Not only must we take account of the desires of sportsmen, farmers, and dealers in

hunting equipment, we must also recognize that revolvers and *knives* are frequently carried for defensive purposes. *Id.*, 486 A.2d at 440 (citing Model Penal Code § 5.07, Comment) (emphasis added); *see also Stewart, supra*, 343 Pa.Super. 514, 495 A.2d 584 (1985).

As reflected in the comment's language, knives are often considered not to constitute objects that are of such of a nature that they should be prohibited under section 908. *See Fisher*, 485 Pa. 8, 400 A.2d 1284 (1979) ("Wyoming Knife" which consisted of metal handle with two finger holes incorporating two cutting blades, one facing outward and the other inward, was hunting implement which had "common lawful purpose," and thus such knife was not "offensive weapon" for purposes of statute); *Commonwealth v. Cartagena*, 482 Pa. 6, 393 A.2d 350 (1978) (Section 908 does not define a simple kitchen knife as a prohibited offensive weapon); *Commonwealth v. Artis*, 275 Pa.Super. 127, 418 A.2d 644 (1980) (although defendant waved a folding knife with a seven-inch blade in a crowded bar, the knife, which was purchased at a sporting goods store and used for hunting, was not an implement for infliction of serious bodily injury that served no common lawful purpose within the meaning of statute); *Commonwealth v. Myers*, 273 Pa.Super. 381, 417 A.2d 700 (1980) (thirteen-inch butcher knife which defendant carried while he was charging up a crowded street and threatening to kill another person had a common lawful purpose and thus defendant was not guilty of possession of prohibited offensive weapon); *Ashford*, 263 Pa.Super. 100, 397 A.2d 420 (1979) (absent proof that knife, which did not have blade "exposed in an automatic way," had no common lawful purpose, Commonwealth's evidence in prosecution for possession of prohibited offensive weapon failed to prove essential element that such knife was "offensive weapon"). *Cf. Gatto*, 236 Pa.Super. 92, 344 A.2d 566 (1975) (court used an improper circumstances-of-possession approach to determine that a thirty-inch knife found in possession of defendant while in a high crime urban area in the early morning had no common lawful purpose and was a prohibited weapon under statute).

■ At the habeas corpus hearing, the prosecution had the burden of proving a *prima facie* case against Karlson for violating 18 Pa.C.S.A. § 908. *Scott, supra.* To prove its burden, the prosecution put an officer on the stand who, unsupported by any legal authority, subjectively stated that the knives did not serve any common lawful purpose and that as an officer, he feared that, because young adults were attracted to the unique look of the knives, the knives posed a great threat to our society and must be prohibited under section 908. No other proof to establish the criminal elements was provided at the hearing. *Cf. Commonwealth v. Hitchon,* 379 Pa.Super. 136, 549 A.2d 943 (1988) (where the prosecution used a police officer who was a firearm and toolmark examiner for the state police to prove its burden in a section 908 case and the officer had extensive experience with the exact tool used by the defendant, having used the tool almost daily in his police work, the court found the prosecution proved its burden and sustained the conviction under section 908; moreover, the prosecution used advertisements of the tool as additional evidence to support its case). Because the Commonwealth offered no evidence to enable the trial court to determine that the Cobra knives served no common lawful purpose, a vital element of the prosecution's *prima facie* case was not met.

The combined effect of the Commonwealth's unsuccessful attempt to prove its case, and the trial court's consideration of the drastic ramifications that could ensue if it were to prohibit knives from ordinary commercial sales by rural vendors, supported the dismissal of the charges against Karlson. *Stewart, supra; Ashford, supra.* Accordingly, the trial court did not commit an abuse of discretion. *Lundberg supra.*

Order affirmed.